## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Stephen C. Withrow, having been duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI"), currently assigned to the FBI's North Shore Gang Task Force. I have been a TFO since January of 2008. Prior to this assignment, I was a Detective with the Lynn Police Gang Unit. I have received training in all facets of law enforcement from the Massachusetts Criminal Justice Training Council Academy in Burlington, Massachusetts, and have continued to receive in-service training during my law enforcement career. Since 2011, I have been an instructor for multiple local and state police academies. During my career, I have been directly involved with the preparation and execution of over two hundred warrants which have resulted in countless seizures of firearms, drugs, and other contraband, and have resulted in numerous arrests.

2. Based on my training and experience, I am aware that that it is a violation of Title 18, United States Code, Section 1073 ("Flight to Avoid Prosecution") for a person to move or travel in interstate or foreign commerce with the intent to avoid prosecution under the laws of the place from which he flees for a crime that is a felony under the laws of the place from which he flees.

3. The Office of the District Attorney for Middlesex County, Massachusetts, has requested that the FBI assist in locating and apprehending STEVEN TOUCH, an individual who law enforcement believes has engaged in unlawful flight to avoid prosecution. At present, TOUCH is a fugitive with multiple outstanding state warrants for his arrest. As set forth below, I believe there is probable cause to believe that TOUCH has violated 18 U.S.C. § 1073.

4. The information set forth in this affidavit is based on my own investigation and information provided to me by other law enforcement agents. This affidavit is not intended to set forth all of the information that I have learned during this investigation, but only facts I believe are sufficient to establish probable cause in support of the issuance of a criminal complaint and an arrest warrant charging TOUCH with violating 18 U.S.C. § 1073.

## FACTS SUPPORTING PROBABLE CAUSE

5. I have reviewed the Interstate Identification Index (III) and Massachusetts Board of Probation records for STEVEN TOUCH. TOUCH is an Asian male, born in 1989, with a last known address at 108 Empire Street in Lynn, Massachusetts.

6. TOUCH has multiple outstanding warrants arising out of felony charges in state court. Based on my review of his criminal record and communications with local law enforcement officers, I am aware of the following:

    a. On or about August 7, 2016, TOUCH was charged in Middlesex Superior Court with possession of a loaded firearm, possession of a firearm without FID card, possession of a large capacity firearm, defacing firearm serial number, and possession of a large capacity firearm. These charges are felonies under Massachusetts state law. At some point on or before January 10, 2017, TOUCH removed his electronic monitoring bracelet while on pretrial release. Thereafter, TOUCH failed to appear as required in Middlesex Superior Court on January 10, 2017. Accordingly, TOUCH defaulted on this case and a warrant issued for his arrest on January 10, 2017. That arrest warrant remains outstanding at this time.

b.  In addition, on or about July 22, 2016, TOUCH was charged in Salem District Court with operating a motor vehicle with a suspended license. It is my understanding that this offense is a misdemeanor under state law. However, TOUCH also failed to appear in court for this case, and on February 14, 2017, a warrant issued for his arrest on this case. That arrest warrant also remains outstanding at this time.

7. Since on or about April 1, 2017, the FBI has been assisting local law enforcement in its efforts to locate TOUCH within the Commonwealth of Massachusetts. Law enforcement has been especially concerned about TOUCH because of the serious firearm-related felonies he is facing, and the fact that he removed his electronic monitoring bracelet to escape pretrial supervision. To date, law enforcement efforts to locate TOUCH within the Commonwealth of Massachusetts have been unsuccessful, and law enforcement believes that TOUCH has fled the Commonwealth with the intent to avoid prosecution.

8. Among the reasons for law enforcement's belief that TOUCH is no longer within the Commonwealth is the serious nature of the charges he is facing, the length of time law enforcement has been unable to locate him, the efforts expanded by law enforcement, and the fact that TOUCH removed his electronic monitoring bracelet to aid him in his flight. At this point, TOUCH has been a fugitive for over four months. During that time, law enforcement has not been able to locate him at his known address within the Commonwealth despite significant time and resources spent in those efforts. Among other things, law enforcement agents have visited his known address, performed countless hours of surveillance on his home, and stopped motor vehicles coming and going from his home, all without success in locating TOUCH. Further, on or about May

18, 2017, I spoke with JOHN MORRIS, counsel for TOUCH, to discuss TOUCH's whereabouts. Counsel for TOUCH was aware that TOUCH had removed his electronic monitoring bracelet and was a fugitive from justice. Counsel for TOUCH relayed to me his belief that his client was no longer within the Commonwealth of Massachusetts.

9. Based on my investigation to date, I believe that TOUCH removed his electronic monitoring bracelet and fled from Massachusetts to avoid prosecution for the felony offenses he is currently facing in state court.

10. The Middlesex County District Attorney's Office has indicated that it will immediately seek to extradite TOUCH if he is apprehended outside Massachusetts.

## CONCLUSION

Based on the foregoing, I believe probable cause exists to believe that TOUCH has moved or traveled in interstate or foreign commerce with intent to avoid prosecution under the laws of the place from which he fled for a crime that is a felony under the laws of the place from which he fled, in violation of 10 U.S.C. § 1073.

STEPHEN C. WITHROW
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me on May 22nd, 2017.

THE HONORABLE M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE